**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**CASE NO.: 1:26-cv-04285**

VOLTSTAR TECHNOLOGIES, INC.,

       Plaintiff,

v.

APPLE INC.,

       Defendant.

---

**<u>COMPLAINT FOR PATENT INFRINGEMENT</u>**

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

**TABLE OF CONTENTS**

NATURE OF THE LAWSUIT ................................................................................................. 3

JURISDICTION AND VENUE ............................................................................................... 3

THE PLAINTIFF ..................................................................................................................... 3

DEFENDANT ........................................................................................................................... 4

THE PATENTS-IN-SUIT ....................................................................................................... 4

    The '794 Patent ................................................................................................................ 4

    The '625 Patent ................................................................................................................ 6

    The '833 Patent ................................................................................................................ 7

    The '648 Patent ................................................................................................................ 7

DEFENDANT'S PRODUCTS ................................................................................................. 8

   Accused Product # 1 – APPLE 20W USB-C POWER ADAPTER ............................. 8

   Accused Product # 2 – Apple Magsafe Charger .......................................................... 10

COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E .......................... 12

COUNT II – DIRECT INFRINGEMENT OF U.S. PATENT NO. RE50,625E ......................... 13

COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,833 .......................... 13

COUNT IV – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648 .......................... 14

PRAYER FOR RELIEF ......................................................................................................... 14

JURY DEMAND ..................................................................................................................... 15

Plaintiff VOLTSTAR TECHNOLOGIES, INC. by and through its undersigned counsel, brings this Complaint against Defendant APPLE INC. for patent infringement, and in support, alleges as follows:

## NATURE OF THE LAWSUIT

1. This is an action for patent infringement arising under the patent laws of the United States Title 35, United States Code §§ 271 *et seq.* to enjoin further infringement and obtain damages resulting from Defendant's unauthorized manufacture, use, sale, offer to sell and importation into the United States of products identified and described herein in violation of Plaintiff Voltstar's rights under U.S. Patent No. 7,910,833, U.S. Patent No. 7,960,648, U.S. Patent Number 9,024,581 which was reissued as Patent Number RE48,794 E, and U.S. Patent Number RE50,625 E. Plaintiff seeks permanent injunctive relief and monetary damages resulting from Defendant's infringement.

## JURISDICTION AND VENUE

2. This Court has original and exclusive subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338(a); and 35 U.S.C. § 271.

3. This Court has personal jurisdiction over the Defendant.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. § 1391(b)(3) because Defendant has committed acts of infringement and is subject to personal jurisdiction within this judicial district and division.

## THE PLAINTIFF

5. Plaintiff, Voltstar Technologies, Inc. ("Voltstar"), is an Illinois Corporation with its principal place of business located at P.O. Box 3727, Barrington, IL 60010.

**DEFENDANT**

6.      Defendant Apple Inc. ("Apple") is a corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, California 95014. Apple is registered to do business in the State of Illinois, conducts substantial business within this District and can be served by serving its registered agent at C T CORPORATION SYSTEM, 208 So Lasalle St, Suite 814, Chicago, IL 60604.

7.      Apple maintains a regular and established place of business in this District, including multiple Apple retail store locations throughout Illinois.

**THE PATENTS-IN-SUIT**

**THE '794 PATENT**

8.      Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE48,794 E (the "'794 patent"), entitled "Charger Plug With Improved Package", issued October 26, 2021. A copy of the '794 Patent is attached hereto as **Exhibit 1**.

9.      Prior to May 21, 2008, James W. McGinley, Donald Rimdzius, and David P. Marcusen, invented a novel and non-obvious Charger Plug with Improved Package.

10.      McGinley, Rimdzius, and Marcusen applied for and obtained United States Patent No. 9,024,581 (the "'581 Patent") entitled "Charger Plug with Improved Package Electrical Charger" which was duly and legally issued on May 5, 2015.

11.      McGinley, Rimdzius and Marcusen assigned all right, title and interest in and to the '581 Patent to Horizon Technologies, Inc., who subsequently changed its name to Voltstar Technologies, Inc.

12.      In general, non-legal terms, the '581 Patent relates to a Charger that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

phone that includes a battery with the battery being rechargeable through the use of DC power. The size and shape of the Charger are such that upon plugging the Charger into a source of AC power such as a wall outlet, (a) the Charger does not block or interfere with the use of adjacent outlets and (b) the Charger does not interfere with objects or furniture that may be placed adjacent to or in front of the outlet. In addition, the size and shape of the Charger are such that (a) a power cord for the device to be charged may be easily inserted into and removed from the Charger while the Charger is plugged into the source of AC power and (b) removal of the power cord from the Charger can be accomplished without removal of the Charger from the source of AC power. An example of the "Charger Plug with Improved Package Electrical Charger" is shown below:



13. On October 26, 2021, the U.S. Patent No. 9,024,581 was reissued as Patent Number US RE48,794 E ("the '794 Patent"). The reissued '794 Patent, in part, specifically amended Claim 1(i) to now state: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal

length is less than 2.0 inches, a width of the housing outer profile being less than 1.75 inches …"[1]

14.    Pursuant to 35 U.S.C. § 252, Claim 1 of the reissued '794 Patent is substantially identical with the original U.S. Patent No. 9,024,581 in that it has only limited the sizing dimensions of the claimed invention. Therefore, the reissued '794 Patent is a continuation of the original U.S. Patent No. 9,024,581 and has effect continuously from the date of the original patent of May 5, 2015, with an effective filing date of May 21, 2008.

### THE '625 PATENT

15.    Voltstar owns all right, title and interests in, and/or has standing to sue for infringement of United States Patent Number RE50,625 E (the " '625 patent"), entitled "Charger Plug With Improved Package", issued October 7, 2022.  A copy of the '794 Patent is attached hereto as **Exhibit 2**.

16.    The '625 Patent is a continuation of the underlying Application Serial No. 16/209,373 which ultimately became the reissued '794, and The '625 Patent has effect continuously from the date of the original patent of May 5, 2015, with an effective filing date of May 21, 2008

---

[1] The previous language of the U.S. Patent No. 9,024,581 Claim 1(i) stated: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is equal to or less than 2.0 inches …"

On reissue, the USPTO amended the claim language. The bolded language was omitted and the italicized portion was included, shown as follows: "being sized so that the charger plug housing comprises a longitudinal length extending between the front wall and the rear end and the longitudinal length is [**equal to or**] less than 2.0 inches, *a width of the housing outer profile being less than 1.75 inches* …"

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

17. In general, non-legal terms, the '625 adds internal structure elements, that were disclosed in the specification and drawings of the 2015 underlying application, Serial No. 16/209,373, that detail a spring-based, solder-less connection for the blade members and circuit board.

## THE '833 PATENT

18. Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,910,833 (the "'833 Patent"), entitled "Energy-Saving Power Adapter/Charger", issued March 22, 2011.  A copy of the '833 Patent is attached hereto as **Exhibit 3**.

19. Before May 27, 2008, Valerie L McGinley, Donald Rimdzius, and James McGinley invented a novel and non-obvious Energy Saving Power Adapter/Charger.

20. The inventors assigned all right, title and interest in and to the '833 Patent to Horizon Technologies, Inc., who subsequently changed its name to Voltstar Technologies, Inc.

21. In general, non-legal terms, the '833 Patent relates to a charger that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom load"—residual power consumption by power devices when not connected to their host electronic device, or when the electronic device is shut off. This feature reduces power consumption and extends battery life.

## THE '648 PATENT

22. Voltstar owns all rights, titles, and interests in, and/or has standing to sue for infringement of U.S. Patent No. 7,960,648 (the "'648 Patent"), entitled "Energy-Saving Cable Assemblies", issued June 14, 2011. A copy of the '648 Patent is attached hereto as **Exhibit 4**. The '648 Patent is a continuation of and claims priority to the '833 Patent mentioned above.

23.     Prior to October 15, 2008, James W. McGinley, Donald Rimdzius, Valerie McGinley, and Dominic James Hogan invented a novel and non-obvious Energy Saving Cable Assemblies.

24.     These inventors assigned all rights, titles and interests in and to the '648 Patent to Horizon Technologies, Inc., who subsequently changed its name to Voltstar Technologies, Inc.

25.     In general, non-legal terms, the '648 Patent, as a continuation of the '833 Patent, also relates to a charger, used in conjunction with a mobile electronic device, that automatically shuts off when a device is fully charged or not plugged in, reducing "phantom" load.  This feature reduces power consumption and extends battery life.

<u>**DEFENDANT'S PRODUCTS**</u>

<u>**Accused Product # 1 – APPLE 20W USB-C POWER ADAPTER**</u>

26.     Defendant makes, uses, offers for sale and sells Apple 20W USB-C Power Adapter (hereinafter, "**Apple 20W Adapter**"). An example of the Apple 20W Adapter distributed by Defendant is shown below.

 

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

27. Defendant advertises the use of and sells its Apple 20W Adapter which is a *charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a battery with the battery being rechargeable through the use of DC power.

28. In particular, the Apple 20W Adapter distributed by the Defendant employs a reduced plug-size charger plug, that upon plugging the Apple 20W Adapter into a source of AC power such as a wall outlet, the Apple 20W Adapter does not block or interfere with the use of adjacent outlets.

29. Moreover, the size and shape of the Apple 20W Adapter are such that a power cord for the device to be charged may be easily inserted into and removed from the Apple 20W Adapter while the charger is plugged into the source of AC power and removal of the power cord from the Apple 20W Adapter can be accomplished without removal of the charger from the source of AC power.

30. Attached hereto as **Exhibit 5** is a Claim Chart that illustrates each element of the infringing Apple 20W Adapter as compared to Claim 1 in the '794 Patent.

31. Defendant infringed at least one of the claims of the '794 Patent by offering to sell and by selling a charger plug identified as Apple 20W Adapter.

32. The Apple 20W Adapter has a longitudinal length less than 2 inches, approximately 1.628 inches, and a width of less than 1.75 inches, approximately 1.670 inches.

33. The Apple 20W Adapter incorporates a "a printed circuit board located within the housing and having the DC connector mounted thereon, wherein a rearward extent of the blade members ends before a front edge of the printed circuit board and the housing has a connector

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

opening at the rear end for providing access to the DC connector aperture by the power cord plug."

34. The Apple 20W Adapter incorporates a "spring contacts electrically connected to the blade members" which extend from the respective spring contacts on the printed circuit broad, through the front wall of the housing, when in the spring contacts are electrically connected to the circuit board without the use of solder.

35. Attached hereto as **Exhibit 6** is a Claim Chart that illustrates each element of the infringing Apple 20W Adapter as compared to Claims 22, 23, 26, 28, 29, 30, 33, 36, 37, 38 and 41 of the '625 Patent.

36. Defendant infringed at least one of the claims of the '625 Patent by offering to sell and by selling a charger plug identified as Apple 20W Adapter.

**Accused Product # 2 – Apple Magsafe Charger**

37. Defendant makes, uses, offers for sale and sells the Apple Magsafe Charger (hereinafter, "**Apple Wireless Charger**"). An example of the Apple Wireless Charger distributed by Defendant is shown below.




38.     Defendant advertises and sells its Apple Wireless Charger which as a Qi-compliant *wireless charger* that is to be connected between a source of AC power, such as a wall outlet, and a device such as a mobile phone that includes a rechargeable battery.

39.     Qi (pronounced "chee") is one of the global wireless charging standards for providing 5-15 watts of power to small personal electronics. Though it is primarily used to charge smartphones, the standard can also apply and easily be used to provide power for a growing number of consumer devices.

40.     Qi is an open standard, and Qi-enabled mobile electronic devices are able to connect to Qi-certified (or Qi-compliant) chargers from any manufacturer.

41.     Devices that operate using the Qi standard rely on electromagnetic induction between coils. A Qi system consists of two devices – the transmitting device (the charger), which is connected to a power source and provides inductive power, and the mobile device (to be charged), which consumes inductive power. The transmitting device comprises a transmitting coil that generates an oscillating magnetic field; the mobile device contains a power receiving coil. The magnetic field induces an alternating current in the receiving coil of the mobile device, by Faraday's law of induction, thereby charging the battery of the mobile device.

42.     In order for a wireless charger to function optimally and efficiently, the wireless charging device must have internal monitoring circuitry to detect when a mobile electronic device requires charging or is fully charged. The internal circuitry further comprises one or more internal switches (mechanical or electrical) that control the flow of current based on the charge-status of the battery of the mobile electronic device. Furthermore, the internal circuitry of the wireless charger requires a novel load sensing portion, which senses the frequency of

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

pulses rather than sensing the magnitude of a voltage and/or current, to determine the load being drawn, and to determine an "off" state for the device.

43. In particular, the Apple Wireless Charger utilizes the internal monitoring and switch circuitry features, and all elements of the charging device, as claimed by one or more claims, including but not necessarily limited to, Claims 24 and 33 of the '833 Patent and Claims 31, 32 and 39 in the '648 Patent.

44. Attached hereto as **Exhibit 7** is a Claim Chart that illustrates each element of the infringing Apple Wireless Charger as compared to Claims 24, 33 and in the '833 Patent, and Claims 31, 32 and 39 in the '648 Patent.

45. Defendant infringed at least one of the claims of the '833 and the '648 Patent by offering to sell and by selling a wireless charger identified as Apple Wireless Charger.

### COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. RE48,794 E

46. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-45, as set forth above.

47. Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. RE48,794 E by making, using, selling, offering for sale in the United States, and/or importing into the United States its Kindle Charger, in violation of 35 U.S.C. § 271(a).

48. Without limiting the foregoing, Defendant has infringed at least Claim 1 of the '794 Patent as described in the Claim Chart attached hereto as **Exhibit 5**.

49. Defendant's acts of making, using, selling, offering for sale in the United States, and/or importing into the United States infringing products have been without license, permission, or authorization from Voltstar.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

50. Defendant's infringement of the '794 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT II – DIRECT INFRINGEMENT OF U.S. PATENT NO. RE50,625E

51. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-45, as set forth above.

52. Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. RE50,652E by making, using, selling, offering for sale in the United States, and/or importing into the United States its Apple 20W Adapter, in violation of 35 U.S.C. § 271(a).

53. Without limiting the foregoing, Defendant has infringed at least Claims 22, 23, 26, 28, 29, 30, 33, 36, 37, 38 and 41 of the '625 Patent. For the elements common to the '784 Patent, Plaintiff refers to the Claim Charts attached hereto as **Exhibit 6**.

54. Defendant's acts of making, using, selling, offering for sale in the United States, and/or importing into the United States infringing products have been without license, permission, or authorization from Voltstar.

55. Defendant's infringement of the '625 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT III – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,910,833

56. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-45, as set forth above.

57. Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,910,833 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Apple Wireless Charger, in violation of 35 U.S.C. § 271(a).

13

58. Without limiting the foregoing, Defendant has infringed at least Claim 24, 33 and 36 of the '833 Patent as described in the Claim Chart attached hereto as **Exhibit 7.**

59. Defendant's activities referred to in this Count have been without license, permission, or authorization from Voltstar.

60. Defendant's infringement of the '833 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## COUNT IV – DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,960,648

61. Voltstar repeats, realleges, and incorporates by reference, as if fully set forth herein paragraphs 1-45, as set forth above.

62. Within the six years preceding the filing of this Complaint, Defendant has directly infringed at least one claim of U.S. Patent No. 7,960,648 by making, using, selling, offering for sale in the United States, and/or importing into the United States its Apple Wireless Charger, in violation of 35 U.S.C. § 271(a).

63. Without limiting the foregoing, Defendant has infringed at least Claim 31, 32 and 39 of the '648 Patent as described in the Claim Chart attached hereto as **Exhibit 7**.

64. Defendant's activities referred to in this Count have been without license, permission, or authorization from Voltstar.

65. Defendant's infringement of the '648 Patent has injured and continues to injure Voltstar in an amount to be proven at trial, but not less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Voltstar Technologies, Inc. demands judgment and relief against Defendant Apple Inc. and respectfully requests that the Court:

A. An entry of judgment holding that Defendant has infringed and are infringing the patents-in-suit;

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

B.  For an accounting and an award of damages sufficient to compensate Voltstar for the infringement in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284;

C.  A determination that Defendant's infringement has been willful, wanton, and deliberate and that the damages against it be increased up to treble on this basis or for any other basis in accordance with the law;

D.  A finding that this case is an exceptional case under 35 U.S.C. § 284 and an award to Voltstar of its costs and reasonable attorneys' fees as provided by 35 U.S.C. § 285;

E.  An accounting of all infringing sales and revenues, together with post judgment interest and prejudgment interest from the first date of infringement of the '794 Patent, '625 Patent, '833 Patent and '648 Patent; and

F.  That Voltstar is entitled to such other and further relief as to the Court appears just and proper.

## JURY DEMAND

Plaintiff Voltstar Technologies, Inc. hereby demands a trial by jury of all issues so triable.

DATED: April 16, 2026                    Respectfully submitted,

**SRIPLAW, P. A.**

/s/  Joel B. Rothman
JOEL B. ROTHMAN
joel.rothman@sriplaw.com
LAYLA T. NGUYEN
layla.nguyen@sriplaw.com
21301 Powerline Road, Suite 212
Boca Raton, Florida 33433

JOSEPH A. DUNNE
(pro hac vice forthcoming)
joseph.dunne@sriplaw.com

15
**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK

41 Madison Avenue
25th Floor
New York, NY 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile


*Counsel for Plaintiff Voltstar Technologies, Inc.*

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ TEXAS ◆ NEW YORK